UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES P. GULDENSCHUH,                                                                      Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:17-CV-P5-DJH

JOHN DOE *et al.*,                                                                           Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Charles P. Guldenschuh leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at Louisville Metro Department of Corrections (LMDC). He brings this action against unidentified individuals - John Doe, LMDC "Warden," in his official capacity; John Doe, LMDC doctor, in both his official and individual capacities; John Doe, "Correct Care" medical staff, in both his official and individual capacities; and Jane Doe, LMDC medical staff, in both her official and individual capacities.

In his complaint, Plaintiff states as follows:

My arm/elbow was broken during an altercation in Dorm 12 of [LMDC]. I requested assistance from staff and photos were taken of my right arm and my arm was x-rayed. They waited [six] days to x-ray my arm even though I complained of extreme pain and no mobility of the arm. The results of the x-ray revealed that my elbow was broken. They then wrapped it in an ace bandage and refused to take me to the hospital. After complaining for [three] weeks about

pain, they took me to U of L hospital. They x-rayed my arm again and determined that my arm/elbow set improperly and had to be re-broken and reset. They had to operate on me and put pins, wires, and a rod into my arm. I suffered extreme pain due to the medical care given by the doctors of Correct Care, the [LMDC] staff.

As relief, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief in the form of "providing physical therapy and repairing [his right] arm/elbow."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia*

*Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

Plaintiff has sued each Defendant in his/her official-capacity. "Official-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the John/Jane Doe Defendants employed by LMDC are actually against the Louisville Metro Government, and his official-capacity claims against the John/Jane Defendants employed by

"Correct Care" are actually against "Correct Care." *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality such as the Louisville Metro Government, this Court must analyze two distinct issues: 1) whether Plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

This same standard also applies to "Correct Care," a private entity which Plaintiff seems to indicate provides medical services to inmates at LMDC. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Thus, liability

under § 1983 must be based on a policy or custom of "Correct Care" or "the inadequacy of [an employee's] training." *Id.* at 817; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff has not alleged that any Louisville Metro Government or "Correct Care" policy, custom, or practice caused the deprivation of his rights. The complaint, therefore, fails to establish a basis of liability against either entity. As such, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

## B. Individual-Capacity Claims

Plaintiff's remaining claims are against John Doe, LMDC doctor; John Doe, "Correct Care" medical staff; and Jane Doe, LMDC medical staff, in their individual capacities. The Court construes Plaintiff's against claims against these Defendants as alleging deliberate indifference to a serious medical need. The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. Pretrial detainees are protected analogously under the Due Process Clause of the Fourteenth Amendment. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). An Eighth Amendment claim has two components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

Here, the complaint fails to state how each of these Defendants was personally involved in the alleged deliberate indifference to Plaintiff's serious medical need. To state a claim for relief, Plaintiff must make specific allegations regarding this claim against each named Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his complaint to describe the facts surrounding how each Defendant allegedly violated his rights.

In addition, if Plaintiff's claims are allowed to proceed, in order to effect service on Defendants, Plaintiff will have to provide identifying information for each Defendant, *e.g.*, each Defendant's first and/or last name, the shift and/or unit where the Defendant worked, and/or a physical description. The Court instructs Plaintiff that he may be able to learn this information by requesting his medical records or grievances from LMDC. Furthermore, Plaintiff may attach any documents relevant to his claims to his amended complaint.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** for failure to state a claim upon which relief may be granted.

As such, the Clerk of Court is Clerk of Court is **DIRECTED** to terminate John Doe, LMDC Warden, as a party to this action.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Order, Plaintiff may file an amended complaint with information about how each John/Jane Doe Defendant was personally involved in the alleged deliberate indifference to his serious**

**medical need. Plaintiff must also provide any information which will help identify these Defendants.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**Plaintiff should also submit a completed summons form for each named Defendant within the same 30-day period.**[1]

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto, as well as four blank summons forms.

Date: April 6, 2017

                                                    **David J. Hale, Judge**
                                                   **United States District Court**

cc:      Plaintiff, *pro se*
4415.011

---

[1] The Court offers the following guidance to Plaintiff in his completion of the summons forms:
(1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.