UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES P. GULDENSCHUH,                                                                               Plaintiff,

v.                                                                                Civil Action No. 3:17-cv-P5-DJH

JOHN DOE *et al.*,                                                                        Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Charles P. Guldenschuh leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## **I. PROCEDURAL HISTORY**

Plaintiff initiated this action on January 3, 2017, by filing a Court-supplied § 1983 complaint form (DN 1). In his complaint, Plaintiff indicated that he was bringing this action against the following unidentified individuals - John Doe, LMDC "Warden," in his official capacity; John Doe, LMDC doctor, in both his official and individual capacities; John Doe, "Correct Care" medical staff, in both his official and individual capacities; and Jane Doe, LMDC medical staff, in both her official and individual capacities.

In his complaint, Plaintiff stated as follows:

My arm/elbow was broken during an altercation in Dorm 12 of [LMDC]. I requested assistance from staff and photos were taken of my right arm and my arm was x-rayed. They waited [six] days to x-ray my arm even though I complained of extreme pain and no mobility of the arm. The results of the x-ray

revealed that my elbow was broken. They then wrapped it in an ace bandage and refused to take me to the hospital. After complaining for [three] weeks about pain, they took me to U of L hospital. They x-rayed my arm again and determined that my arm/elbow set improperly and had to be re-broken and reset. They had to operate on me and put pins, wires, and a rod into my arm. I suffered extreme pain due to the medical care given by the doctors of Correct Care, the [LMDC] staff.

As relief, Plaintiff sought compensatory damages, punitive damages, and injunctive relief in the form of "providing physical therapy and repairing [his right] arm/elbow."

The Court conducted an initial review of Plaintiff's complaint on April 7, 2017. In that Memorandum Opinion and Order, the Court dismissed all of Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted (DN 7). As to Plaintiff's individual-capacity claims, the Court advised Plaintiff that he needed to state how each Defendant was personally involved in the alleged deliberate indifference to his serious medical need in an amended complaint. The Court further stated, in order to effect service on Defendants, Plaintiff would have to provide identifying information for each Defendant, *e.g.*, each Defendant's first and/or last name, the shift and/or unit where the Defendant worked, and/or a physical description. Finally, the Court further instructed Plaintiff that he may be able to learn this information by requesting his medical records or grievances from LMDC and that he could attach these documents to his amended complaint.

Plaintiff has now filed his amended complaint.

## II. SUMMARY OF AMENDED COMPLAINT

In his amended complaint, Plaintiff adds the following Defendants to this action – Mark Bolton, LMDC Jailer, in his individual capacity; Dr. Smith, "Medical Doctor at LMDC, in both his individual and official capacity"; and "Correct Care Medical Staff."

In addition to the allegations set forth in his initial complaint, Plaintiff writes that after his elbow was reset at the University of Louisville Hospital, he was returned to the jail with instructions to have physical therapy for his arm once his cast was removed, but that "jail medical staff" have refused to provide him with such.

Plaintiff states that Dr. Smith is the doctor at LMDC and that Mark Bolton is the "Jailer." Plaintiff further states that he requested copies of his medical records but has not received any response. Plaintiff has attached as exhibits to his complaint the two requests he has made to LMDC for copies of his records.

### III. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes Plaintiff's claim as one for deliberate indifference to a serious medical need. The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. Pretrial detainees are protected analogously under the Due Process Clause of the Fourteenth Amendment. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). An Eighth Amendment claim has two

components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

### A. Official-Capacity Claims

The Court will dismiss Plaintiff's official-capacity claim against the newly added Defendants for the same reasons it dismissed the official-capacity claim against all other Defendants in its screening of Plaintiff's original complaint – because Plaintiff has not alleged that any policy, custom, or practice caused the deprivation of his constitutional rights. *See, e.g.*, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

### B. Individual-Capacity Claims

#### 1. Defendant Mark Bolton

Plaintiff's individual-capacity claim against Defendant Mark Bolton, the LMDC Jailer, appears to be based upon his role as the supervisor of LMDC. However, the liability of supervisors cannot be based on the doctrine of "*respondeat superior*" in § 1983 actions. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words,

5

"liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). For these reasons, Plaintiff's complaint fails to state a claim against Defendant Bolton.

## 2. Remaining Defendants

Upon carefully reviewing and broadly construing Plaintiff's complaint and amended complaint, the Court will allow Plaintiff's claim for deliberate indifference to a serious medical need to proceed against Dr. Smith and the unnamed Defendants ("John Doe" ("Correct Care" medical staff) and "Jane Doe" (LMDC medical staff)) in their individual capacities at this time. Plaintiff has indicated that he attempted to learn the names of the individual LMDC and Correct Care officials involved in his care by requesting his medical and other related records from LMDC, but that LMDC has not responded to these requests. Therefore, the Scheduling Order will instruct Plaintiff that he has 90 days in which to move to amend his complaint to name specific Defendants or show cause for his failure to do so.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that all claims against Defendant Mark Bolton are **DISMISSED** for failure to state a claim upon which relief may be granted.

As such, the Clerk of Court is Clerk of Court is **DIRECTED to terminate Mark Bolton, LMDC Warden, as a party to this action**.

The Court will enter a separate Scheduling Order and Order Regarding Service to govern the continuing claims in this action.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4415.011