UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES P. GULDENSCHUH, Plaintiff,

v. Civil Action No. 3:17-cv-P5-DJH

JOHN DOE *et al.*, Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Charles P. Guldenschuh initiated the instant *pro se* 42 U.S.C. § 1983 prisoner civil rights action. The only named Defendant in this action, Dr. Kevin Smith, filed a motion to dismiss on February 21, 2018. Plaintiff did not respond to this motion. Thus, on March 29, 2018, the Court entered an Order directing Plaintiff to respond to the motion to dismiss and warning him that his failure to file a response might result in dismissal of the action (Docket No. 27). When Plaintiff failed to comply with that Order, the Court entered another Order on May 22, 2018, directing Plaintiff, within 21 days of the entry of the Order, to show good cause why this action should not be dismissed for failure to prosecute this action and/or failure to comply with an order of this Court (DN 28).

More than 21 days have passed, and Plaintiff has failed to comply with the Court's most recent Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with a straightforward order, despite being warned that dismissal might occur without compliance, shows that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: July 11, 2018

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
Jefferson County Attorney
4415.011